1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT TACOMA

9

10  PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

11                          Plaintiff,

12                  v.

13  OLYMPIA EARLY LEARNING CENTER, a
Washington non-profit corporation; STEVE
14  OLSEN; ROSE HORGDAHL; ALICIA
MENDOZA, individually and as Guardian Ad
15  Litem for M.M., a minor;  G.S.J., individually
and as Guardian Ad Litem for J.J., a minor;
16  AMANDA MYRICK, individually and as
Guardian Ad Litem for S.A., a minor;
17  NICOLE BOND, individually and as Guardian
Ad Litem for A.K., a minor; NATALIE
18  BOND, individually and as Guardian Ad Litem
for A.K., a minor; LISA STEEL, individually
19  and as Guardian Ad Litem for J.E.; LISA
STEEL, individually and as Guardian Ad
20  Litem for J.T;  DOUGLAS THOMPSON,
individually;  KRISTI BARBIERI,
21  individually and as Guardian Ad Litem for
S.R.B., G.A.L. DOE, individually and as
22  Guardian Ad Litem for N.D., a minor; F.A.
DOE, individually; and M.A. DOE,
23  individually; JOHN DOES 1-8 and JANE

Cause No.

**COMPLAINT**

COMPLAINT – Page 1
USDC WD WA/TAC CAUSE NO.

6300.00054 eh152w2589.007

DOES 1-8, individually and as guardians ad litem for J.D. Does, minor children,

                Defendants.

COMES NOW Philadelphia Indemnity Insurance Company, by and through its undersigned attorneys, and files this Complaint as follows:

## I.    <u>PARTIES</u>

1.1    Plaintiff, Stakeholder, Philadelphia Indemnity Insurance Company ("Philadelphia" or "Stakeholder"), is a Pennsylvania corporation, having its principal place of business in Bala Cynwyd, Pennsylvania.

1.2    Philadelphia is an insurance company authorized to do business in the State of Washington and has paid all fees and taxes due and owing necessary to maintain this action. During all times relevant herein, Philadelphia conducted insurance business in the State of Washington.

1.3    Philadelphia is informed and believes, and upon that basis alleges, that Olympia Early Learning Center ("Olympia") is a Washington, non-profit corporation, having its principal place of business in Thurston County, Washington and conducts business in Thurston County, Washington.

1.4    Philadelphia is informed and believes, and upon that basis alleges, that Steve Olsen resides and conducts business in Thurston County, Washington.

1.5    Philadelphia is informed and believes, and upon that basis alleges, that Rose Horgdahl resides and conducts business in Thurston County, Washington.

COMPLAINT – Page 2
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

1.6     Philadelphia is informed and believes, and upon that basis alleges, that Alicia Mendoza resides and conducts business in Thurston County, Washington, including those acts related to serving as the guardian ad litem for M.M., a minor child.

1.7     Philadelphia is informed and believes, and upon that basis alleges, that M.M., a minor child, resides in Thurston County, Washington.

1.8     Philadelphia is informed and believes, and upon that basis alleges, that G.S.J. resides and conducts business in Thurston County, Washington, including those acts related to serving as guardian ad litem for J.J., a minor child.

1.9     Philadelphia is informed and believes, and upon that basis alleges, that J.J., a minor child, resides in Thurston County, Washington.

1.10    Philadelphia is informed and believes, and upon that basis alleges, that Amada Myrick resides and conducts business in Thurston County, Washington, including those acts related to serving as the guardian ad litem for S.A., a minor child.

1.11    Philadelphia is informed and believes, and upon that basis alleges, that S.A., a minor child, resides in Thurston County, Washington.

1.12    Philadelphia is informed and believes, and upon that basis alleges, that Nicole Bond resides and conducts business in Thurston County, Washington, including those acts related to serving as the guardian ad litem for A.K., a minor child.

1.13    Philadelphia is informed and believes, and upon that basis alleges, that A.K., a minor child, resides in Thurston County, Washington.

1.14    Philadelphia is informed and believes, and upon that basis alleges, that Natalie Bond resides and conducts business in Thurston County Washington, including those acts related to serving as the guardian ad litem for A.K., a minor child.

COMPLAINT – Page 3
USDC WD WA/TAC CAUSE NO.

6300.00054 eh152w2589.007

1      1.15    Philadelphia is informed and believes, and upon that basis alleges, that Lisa

2   Steel resides and conducts business in Thurston County, Washington, including those acts

3   related to serving as guardian ad litem for J.E., a minor child.

4      1.16    Philadelphia is informed and believes, and upon that basis alleges, that J.E., a

5   minor child, resides in Thurston County, Washington.

6      1.17    Philadelphia is informed and believes, and upon that basis alleges, that Lisa

7   Steel resides and conducts business in Thurston County, Washington, including those acts

8   related to serving as guardian ad litem for J.T, a minor child.

9      1.18    Philadelphia is informed and believes, and upon that basis alleges, that J.T., a

10  minor child, resides in Thurston County, Washington.

11     1.19    Philadelphia is informed and believes, and upon that basis alleges, that Douglas

12  Thompson resides and conducts business in Thurston County, Washington, including those acts

13  related to serving as guardian ad litem for S.R.B., a minor child.

14     1.20    Philadelphia is informed and believes, and upon that basis alleges, that S.R.B., a

15  minor child, resides in Thurston County, Washington.

16     1.21    Philadelphia is informed and believes, and upon that basis alleges, that Kristi

17  Barbieri resides and conducts business in Thurston County, Washington, including those acts

18  related to serving as guardian ad litem for S.R.B., a minor child.

19     1.22    Philadelphia is informed and believes, and upon that basis alleges, that N.D., a

20  minor child, resides in Thurston County, Washington.

21     1.23    Philadelphia is informed and believes, and upon that basis alleges, that G.A.L.

22  Doe is or will be the Guardian ad Litem for N.D. and that G.A.L. Doe resides and conducts

23

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

1   business in Thurston County, Washington, including such acts related to serving as guardian ad

2   litem for N.D.

3         1.24    Philadelphia is informed and believes, and upon that basis alleges, that F.A. Doe

4   and M.A. Doe are the parents of N.D., and that F.A. Doe and M.A.  Doe reside in and conduct

5   business in Thurston County, Washington.

6         1.25    Philadelphia is informed and believes, and upon that basis alleges, that John

7   Does 1-8 and Jane Does 1-8 are the parents of J.D. Does, minor children, and further, John

8   Does 1-8 and Jane Does 1-8 enrolled their minor children, J.D. Does, at Olympia's daycare

9   facility, and further, John Does 1-8 and Jane Does 1-8 and their minor children resided in

10   Thurston County, Washington, or transacted business in Thurston County, Washington,

11   including business related to Olympia's facility, at all relevant times herein.

## II.      JURISDICTION AND VENUE

13         2.1    This interpleader action is brought pursuant to the Rules of Federal Procedure,

14   Rule 22, and based upon diversity jurisdiction, 28 U.S.C. § 1332, because Stakeholder

15   Philadelphia has diversity of citizenship as between all Defendants, and because the amount in

16   controversy exceeds $75,000, exclusive of interests and costs.

17         2.2    Jurisdiction exists pursuant to the Rules of Civil Procedure, Rule 57, and 28

18   U.S.C. § 2201, as a true justiciable controversy exists in that Philadelphia issued policies of

19   insurance to Olympia, all Claimant Defendants as further defined herein below contend that

20   they are entitled sums under such policies, and further because there is a dispute regarding the

21   applicable policy limits under such policies of insurance.

COMPLAINT – Page 5
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

2.3     Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367 for all related claims to the rule interpleader complaint and request for declaratory relief.

2.4     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events giving rise to the claims herein occurred in this District, a substantial portion of the events leading up to the insurance contracts at issue occurred in this district, and because all of the Defendants reside in this District or conducted business and have their principal place of business in this District.

## III.    BACKGROUND

3.1     In six underlying lawsuits several minor Defendants, through their guardians ad lite, and their parents (collectively the "Underlying Plaintiffs") allege that the minor Defendants were sexually abused by an employee of Olympia.  These Underlying Plaintiffs claim that, subject to proving their underlying lawsuits against Olympia, Mr. Olsen and Ms. Horgdahl, they are entitled to the policy limits of four commercial lines policies of insurance issued to Olympia by Philadelphia (the "policies").

3.2     Philadelphia is informed and believes that the N.D., GAL Doe, M.A. Doe, and/or F.A. Doe  (collectively N.D.)  have retained or may retain the same counsel as Underlying Plaintiffs to pursue claims against Olympia, Mr. Olsen, and/or Ms. Horgdahl for alleged sexual abuse of N.D. by  Eli Tabor, a former employee of Olympia.

3.3     Underlying Plaintiffs and N.D.  have competing claims to insurance proceeds under the policies issued by Plaintiff Stakeholder Philadelphia to Defendant Olympia.

3.4     Philadelphia recognizes its duty under its policies and is providing a defense to Olympia, Mr. Olsen and Ms. Horgdahl under the Sexual or Physical Abuse or Molestation

COMPLAINT – Page 6
USDC WD WA/TAC CAUSE NO.

6300.00054 eh152w2589.007

Vicarious Liability Coverage Form and will pay all sums that the insureds are legally obligated to pay subject to the applicable policy limits.

3.5     Philadelphia disputes the Underlying Plaintiffs' assertions that the policies issued by Philadelphia to Olympia provide $4,000,000 in indemnity coverage for the claims asserted by Underlying Plaintiffs.

3.6     Philadelphia retains an interest in those sums to which Underlying Plaintiffs and N.D. are not entitled.

3.7     Upon payment into the Court of the amount that the Court determines to be the applicable policy limits, Philadelphia will be a disinterested stakeholder in the insurance proceeds to which Underlying Plaintiffs and N.D. have competing.

3.8     Given the competing claims and the disputed policy limits, Philadelphia may or will be exposed to double or multiple liabilities beyond its obligations.

## IV.     FACTS

### The Underlying Actions

4.1     Underlying Plaintiffs are plaintiffs in six underlying actions now before the Superior Court of the State of Washington for Thurston County generally referred to herein and more fully described in the paragraphs that follow as: the Myrick I action, the Myrick II action, the Steel I action, the Steel II action, the Mendoza I action, and the Mendoza II action (collectively the "Underlying Actions").

4.2     Philadelphia is presently providing a defense to Olympia, Mr. Olsen and Ms. Horgdahl (the non-Claimant Defendants herein) in the underlying actions.

COMPLAINT – Page 7
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

4.3     On or about August 8, 2011, Claimant Amanda Myrick, individually and as Guardian ad Litem for S.A., a minor, and Claimant Natalie Bond, individually and as Guardian ad Litem for A.K., a minor, filed a lawsuit against Olympia Early Learning Center ("Olympia") in Superior Court of the State of Washington for Thurston County, Case No. 11-2-01740-8 (herein after the "Myrick I action").

4.4     The Myrick I complaint is attached hereto as **Exhibit 1** and alleges, *inter alia*:

    a.   In November 2008, Amanda Myrick ("Myrick") enrolled her son, S.A., in Olympia's day care facility;

    b.   Mr. Tabor was an employee at Olympia's facility;

    c.   Mr. Tabor plead guilty to the rape of S.A.; and

    d.   On March 11, 2009, Natalie Bond enrolled her son, A.K., in Olympia's day care facility.

4.5     The Underlying Plaintiffs in the Myrick I action seek general and special damages based upon the allegations that Olympia is liable to them under claims for negligence, loss of consortium, breach of contract, and breach of implied warranty as set forth in the Myrick I complaint.

4.6     On or about April 12, 2012, Claimant Myrick, individually and as Guardian ad Litem for S.A., a minor, and Claimant Nicole Bond, individually and as Guardian ad Litem for A.K., filed a lawsuit in Superior Court for the State of Washington for Thurston County, Case No. 12-2-00789-3 (the "Myrick II action"). The Myrick II action named as defendants Steve Olsen, individually, and Rose Horgdahl, individually.

4.7     The complaint for the Myrick II action is attached hereto as **Exhibit 2** and alleges, *inter alia:*

COMPLAINT – Page 8
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

a.  Mr. Olsen acted as the Executive Director of Olympia operated at 201 Capital Way North, and 420 McPhee Road S.W., Thurston County, Washington;

b.  Ms. Horgdahl acted as the site and/or program director for Olympia;

c.  Mr. Olsen and Ms. Horgdahl were involved in the hiring of Mr. Tabor on May 23, 2008;

d.  Mr. Olsen and Ms. Horgdahl are liable to the Myrick II plaintiffs as set forth in the Myrick II complaint based upon causes of action for negligent hiring, training, supervision and retention of its employee, as well as for loss of consortium.

4.8     The Underlying Plaintiffs in the Myrick II action seek general and special damages from Mr. Olsen and Ms. Horgdahl based upon the allegations of negligent hiring, training, supervision and retention of an employee as set forth in the Myrick II complaint.

4.9     On or about April 29, 2011, Claimant Lisa Steel, individually and as Guardian ad Litem for J.E. a minor, and Claimants Douglas Thompson and Kristi Barbieri , individually and as Guardian ad Litem for S.R.B., filed a lawsuit in Superior Court for the State of Washington, Thurston County, against defendant Olympia, Case No. 11-2-00995-2 (the "Steel I action").

4.10    On or about June 9, 2011, the Underlying Plaintiffs in the Steel I action filed an amended complaint.  The amended complaint for the Steel I action is attached hereto as **Exhibit 3**, and alleges, *inter alia*:

a.  Olympia hired Mr. Tabor as an employee in May 2008;

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

      b.   Ms. Barbieri enrolled her daughter, S.R.B., at Olympia's day care facility on January 22, 2007;

      c.   On May 20, 2009, Mr. Tabor sexually assaulted S.R.B.;

      d.   Lisa Steel and Doug Thompson enrolled their daughter, J.E., at Olympia's day care facility; and

      e.   On February 10, 2009, Mr. Tabor sexually assaulted J.E.

4.11   The Underlying Plaintiffs in the Steel I action seek general and special damages from Olympia based upon the allegations that Olympia is liable to them under claims for negligence, loss of consortium, breach of contract, and breach of implied warranty as set forth in the Steel I amended complaint.

4.12   On or about April 12, 2012, Claimant Lisa Steel, individually and as Guardian ad Litem for J.T., a minor, and Claimants Douglas Thompson and Barbieri, individually and as Guardian ad Litem for S.R.B. filed a lawsuit in Superior Court for the State of Washington for Thurston County, Case No. 12-2-00790-7 (the "Steel II action"). The Steel II action named as defendants Mr. Olsen, individually, and Ms. Horgdahl, individually.

4.13   The complaint for the Steel II action is attached hereto as **Exhibit 4**, and alleges that Mr. Olsen and Ms. Horgdahl are individually liable to them for negligent hiring, training, supervision and retention of Mr. Tabor as well as for loss of consortium as set forth in the complaint for the Steel II action.

4.14   On or about September 1, 2011, Claimant Alicia Mendoza, individually and as Guardian ad Litem for M.M., a minor, and Claimant G.S.J., individually and as Guardian ad Litem for J.J., a minor, filed a lawsuit against defendant Olympia in Superior Court for the State of Washington Thurston, County, Case No. 11-2-01912-5 (the "Mendoza I action").

COMPLAINT – Page 10
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

4.15   On or about March 13, 2012, plaintiffs in the Mendoza I action filed an amended complaint.  The amended complaint for the Mendoza I action is attached hereto as **Exhibit 5**, and alleges, *inter alia*:

      a.   Olympia hired Mr. Tabor as an employee on May 23, 2008;

      b.   In late summer of 2007, Ms. Mendoza enrolled her son, M.M., at Olympia's day care facility;

      c.   M.M. has shown signs of premature sexualization;

      d.   In July 2008, G.S.L. enrolled her son, J.J., at Olympia's day care facility;

      e.   Mr. Tabor was alone with J.J. transporting him unsupervised to various appointments; and

      f.   On May 26, 2011, Mr. Tabor pleaded guilty to Rape of a Child.

4.16   The Mendoza I action plaintiffs (Claimant Defendants herein) allege that Olympia is liable to them for general and special damages for negligent hiring, training, supervision and retention of an employee, Mr. Tabor, as well as loss of consortium and breach of implied warranty.

4.17   On or about April 12, 2012, Claimant Mendoza, individually and as Guardian ad Litem for M.M., a minor, and Claimant G.S.J., individually and as Guardian ad Litem for J.J., a minor, filed a lawsuit against defendants Mr. Olsen and Ms. Horgdahl in Superior Court for the State of Washington, Thurston, County, Case No. 12-2-00788-5 (the "Mendoza II action").

4.18   The complaint for the Mendoza II action is attached hereto as **Exhibit 6**, and alleges that Mr. Olsen and Ms. Horgdahl are individually liable to them for negligent hiring, training, supervision and retention of Mr. Tabor as well as for loss of consortium as set forth in the complaint for the Mendoza II action.

COMPLAINT – Page 11
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

4.19   Philadelphia is informed and believes, and upon that basis alleges, that Mr. Tabor has admitted to sexually assaulting or molesting another minor child, N.D., that N.D. was in day care at Olympia, and that N.D. met Mr. Tabor as a result of affiliation with Olympia.  Philadelphia is further informed and believes that G.A.L. Doe, individually and as Guardian ad Litem for N.D. Doe, and F.A. Doe and M.A. Doe, the parents of N.D. Doe, will assert claims arising out of the alleged sexual abuse by Mr. Tabor of N.D. Doe and Mr. Tabor's employment by Olympia.  No suits have been filed against Olympia, Mr. Olsen or Ms. Horgdahl related to Mr. Tabor's actions as to N.D.  However, Philadelphia anticipates such suits will be filed and recognizes that it will have a duty to defend and, subject to the applicable limits, indemnify Olympia, Mr. Olsen and Ms. Horgdahl.

4.20   On information and belief, other claimants, identified herein as John Does 1-8 and Jane Does 1-8, may in the future assert additional claims under Philadelphia's insurance policies.  Such potential claimants also have competing interests in the four Philadelphia policies' proceeds that expose Philadelphia to double or multiple liabilities.

4.21   Underlying Plaintiffs have made what they contend is a $ 4 million insurance policy limits demand upon Olympia, Mr. Olsen and Ms. Horgdahl for the Claimants' Underlying Actions.

4.22   Philadelphia is informed and believes, and on that basis alleges, that Underlying Plaintiffs' $ 4 million demand is made based upon commercial general liability policies issued by Philadelphia to Olympia for the policy years of 2007 – 2008, 2008 – 2009, 2009 – 2010, and 2010 – 2011.

4.23   Philadelphia admits that, subject to a $1 million limit, the Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form provides coverage for the claims

COMPLAINT – Page 12
USDC WD WA/TAC CAUSE NO.

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

6300.00054 eh152w2589.007

1  alleged in the Underlying Actions and claims of N.D. against Olympia, Mr. Olsen and Ms.

2  Horgdahl for alleged sexual abuse by Mr. Tabor.

3      4.24    Philadelphia contends that the $1,000,000 limits of the Sexual or Physical Abuse

4  or Molestation Vicarious Liability Coverage Form do not stack and therefore the applicable

5  limits of coverage for the Underlying Plaintiffs' and N.D.'s claims against Olympia, Mr. Olsen

6  and Ms. Horgdahl is the $1,000,000 limit of the Sexual or Physical Abuse or Molestation

7  Vicarious Liability Coverage Form for one policy period.

8                          **The Policies of Insurance**

9      4.25    Philadelphia issued four successive commercial general liability policies (the

10  "Policies") to Defendant Olympia as follows:

11          a.      Policy No. 253280, policy period: September 26, 2007 – September 26,

12      2008 (the "2007 – 2008 Policy");

13          b.      Policy No. 346534, policy period September 26, 2008 – September 26,

14      2009 (the 2008 – 2009 Policy");

15          c.      Policy No. 456207, policy period September 26, 2009 – September 26,

16      2010 (the "2009 – 2010 Policy"); and

17          d.      Policy No. 613068, policy period September 26, 201 – September 26,

18      2011 (the "2010 – 2011 Policy").

19      4.26    The 2007 – 2008 Policy identifies Olympia Child Care Center as the "Named

20  Insured" having a mailing address in Olympia, Washington.

21      4.27    The 2008-2009, 2009-2010, and the 2010-2011 Policies identify Olympia Early

22  Learning Center as the "Named Insured" having a mailing address in Olympia, Washington.

23

COMPLAINT – Page 13
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

4.28     The Policies contain the Sexual or Physical Abuse or Molestation Vicarious

Liability Coverage Form, PI-SO-008 (1 99), which provides in relevant part as follows:

### SEXUAL OR PHYSICAL ABUSE OR MOLESTATION VICARIOUS LIABILITY COVERAGE FORM – OCCURRENCE

### PLEASE READ THE ENTIRE FORM CAREFULLY

Various provisions in this policy restrict coverage.   Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.   The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person organization qualifying as such under Section II – WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION V – DEFINITIONS.

**SECTION I – COVERAGE**
SEXUAL OR PHYSICAL ABUSE OR MOLESTATION VICARIOUS LIABILITY

1.     **Insuring Agreement**

a.   We will pay those sums that the insured is legally obligated to pay as "damages" because of "bodily injury" to which this insurance applies, if the insured is alleged to be liable for another person's "abusive conduct", by reason of:

(1) the negligent

(a) employment;
(b) selection;
(c) investigation;
(d) supervision;
(e) reporting to the proper authorities, or failure to so report; or
(f) retention; of any "employee", volunteer or any other person or persons for whom the insured is or ever was legally responsible; or

(2) the negligent:

(a) design;
(b) control;

COMPLAINT – Page 14
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

           (c) maintenance; []

           (d) supervision;

           (e) inspection; or

           (f) investigation of prospective tenants;

of your premises, premises in your control or premises you have leased to another;

or

(3) the negligent failure to provide professional services or neglect of the therapeutic needs of a client, patient or other person because of the "abusive conduct".

Subject to the above provisions, we have the right and duty to defend any "suit" seeking "damages" because of another person's "abusive conduct". However, we have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply.  We may at our discretion, investigate any "abusive conduct" and settle any claim or "suit" that may result. But

(a) the amount we will pay for "damages" as described in (Section III) LIMIT OF INSURANCE; and

(b) Our right and duty to defend end when we have used up our applicable limit of insurance in the payment of "damages".

We will pay, with respect to any claim or "suit" we defend, any "defense costs" we incur.  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided in ADDITIONAL POLICY BENEFITS.

b. This insurance applies to "damages" because of "bodily injury" only if:

(1) The "bodily injury" is caused by "abusive conduct["] that takes place in the "coverage territory";

(2) The "bodily injury" occurs during the policy [period].

. . .

## SECTION II – WHO IS AN INSURED

1. You are an insured.

2. Each of the following is also an insured:

COMPLAINT – Page 15
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

a. Your directors, but only for liability arising from their duties as your directors.

b. Your "employees", but only for liability arising within the scope for their employment duties for you.

c. Your volunteers, but only for liability arising within the scope of their volunteer duties related to the conduct or your organization; and

d. Students in training, but only for liability arising within the scope of their duties related to the conduct of your organization.

**SECTION III – LIMITS OF INSURANCE**

1. The limit of insurance shown in the Declarations and the rules below fix the most we will pay [as] "damages" regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or brining "suits".

2. The limit of insurance shown in the Declarations for each "abusive conduct" is the most we will pay for all "damages" incurred as the result of any claim of "abusive conduct".  Two or more claims for "damages" because of the same incident or interrelated incidents of "abusive conduct" shall be:

   a. Considered a single claim; and

   b. Such claims, whenever made, shall be assigned to only one policy (whether issued by this or any another insurer) and if that is this policy, only one limit of insurance shall apply.

3. The aggregate limit shown in the Declaration is, subject to paragraph 2. of this Section, the total limit of our liability for all "damages" to which this insurance applies.  The limits of this Coverage Part apply separately to each consecutive annual period; and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations; unless the policy period is extended after issuance for an additional period of less than 12 months.  In that case, the additional period will be deemed part of the last preceding period for purposes of determining the limit of insurance.

. . .

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

**SECTION V - DEFINITIONS**

. . .

2.  "Abusive conduct" means each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or two or more people acting together. Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by, participated in by, directed by, instigated by or knowingly allowed to happen by one or more persons shall be considered to be one "abusive conduct" regardless of:

a.  The number of injured parties;

b.  The period of time over which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and

c.  The number of such acts or encounters.

"Abusive conduct" consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter.

. . .

4.29    As set forth in each of the insurance policies, abusive conduct comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter.

4.30    As set forth in each of the insurance policies, each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by one or more persons is considered one "abusive conduct" regardless of the number of injured parties, the period of time over which the acts of abuse occurred, and the number of such acts or encounters.

4.31    As set forth in each of the insurance policies, the limit of insurance shown in the Declarations for each "abusive conduct" is the most Philadelphia will pay for all damages

COMPLAINT – Page 17
USDC WD WA/TAC CAUSE NO.

6300.00054 eh152w2589.007

1   incurred as the result of any claim of "abusive conduct".  Two or more claims for damages

2   because of the same incident or interrelated incidents of "abusive conduct" shall be considered

3   a single claim and shall be assigned to only one policy and only one limit of insurance shall

4   apply.

5       4.32    Philadelphia contends based upon the definition of "abusive conduct," each,

6   every and all actual, threatened or alleged acts of sexual abuse by Mr. Tabor are deemed to

7   have taken place at the time of the first incident of abuse for all purposes within the scope of

8   the Policies including determination of the applicable policy limits.

9       4.33    Philadelphia also contends that by definition each, every and all actual,

10  threatened or alleged acts sexual abuse by Mr. Tabor is  considered to be one "abusive

11  conduct" regardless of the number of victims, the period of time over which the acts of sexual

12  abuse took place; and the number of such acts or encounters.

13      4.34    Philadelphia further contends that all claims against Olympia, Mr. Olsen, and

14  Ms. Horgdahl by Underlying Plaintiffs and N.D. arise out of actual or alleged sexual abuse

15  committed by Mr. Tabor; that all such sexual abuse committed by Mr. Tabor for which

16  Olympia, Mr. Olsen, and Ms. Horgdahl may be subject to liability comprise interrelated acts of

17  abusive conduct deemed to take place at the time of the first abusive incident; and that

18  assigned to one policy period with  limits of $1 million.

19
                    **V.    PRAYER FOR RELIEF**
20
        WHEREFORE, Plaintiff Philadelphia requests the Court to:
21
        5.1    Determine the  maximum insurance policy limit to which all claimants could be
22
    entitled under the Policies reserving the remainder to Philadelphia;
23

COMPLAINT – Page 18
USDC WD WA/TAC CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007

5.2     Discharge Philadelphia from all liability in connection with this litigation and the Policies;

5.3     Declare that upon payment of the applicable policy limits as determined by the Court as "damages," as defined by the policy, and after complying with all other policy terms and conditions, Philadelphia will have no further duty to defend or indemnify Olympia, Mr. Olsen, or Ms. Horgdahl with regard to the claims of Underlying Plaintiffs, N.D. and Does 1-10; and

5.4     Grant such further relief as this Court deems just and proper.


DATED this 2-(Q day of August, 2012.

SOHA & LANG, P.S.

By: _____
Michael O'Clair, WSBA #18576
OClair@SohaLang.com
Paul M. Rosner, WSBA #37146
Rosner@SohaLang.com
Donna M. Chamberlin, WSBA #31227
Email address Chamberlin@SohaLang.com
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Facsimile:  206-624-3585
Attorneys for Plaintiff Philadelphia Indemnity
Insurance Company.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6300.00054 eh152w2589.007