**EXHIBIT 1**
 **MYRICK I COMPLAINT**

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2011 AUG -8 PM 1:31

BETTY J. GOULD, CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

AMANDA MYRICK, individually and as
Guardian Ad Litem for S.A., a minor, and
NATALIE BOND, individually and as
Guardian Ad Litem for A.K., a minor,

NO. 11 2 01740 8

                   Plaintiffs,

COMPLAINT FOR DAMAGES

     v.

OLYMPIA EARLY LEARNING CENTER,

                   Defendant.

     COMES NOW, Plaintiffs, Natalie Bond, individually and as limited GAL for A.K., a

minor, and Amanda Myrick, individually and as Guardian Ad Litem for S.A., a minor, by and

through their counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as

follows:

## I.    PARTIES

     1.    Plaintiffs Amanda Myrick and minor child S.A., at all relevant times resided in

Thurston County, Washington.



701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

2.      Plaintiffs Natalie Bond and minor child A.K., at all relevant times, resided in Thurston County, Washington.

3.      Defendant Olympia Early Learning Center, at all relevant times conducted business in Thurston County, Washington.   Defendant Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington.

## II.      JURISDICTION AND VENUE

4.      Plaintiffs live in Thurston County, Washington.   Defendant operates its business in Thurston County.

5.      The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington.  Jurisdiction and venue is proper.

## III.      FACTS

6.      Defendant Olympia Early Learning Center hired Elisha ("Eli") Eli Tabor as an employee on May 23, 2008.  As Tabor has stated, Defendant hired him "on the spot" after his step-mother, Alana Tabor, an employee of Defendant Olympia Early Learning Center, alerted him to openings at the Center's West Olympia location where he then applied.  In making this hire, Defendant Olympia Early Learning Center had a duty to protect its children by investigating Tabor's background, doing a reference check and conducting a complete interview designed to determine whether there were concerns about his character, behavior and conduct that could present a danger to the children.  Defendant had an obligation to spend time doing a probationary training period assessing Tabor's suitability for childcare and establishing procedures to provide oversight to make sure neither Tabor nor any of the male staff used by Defendant would sexually molest the children. Defendant had an obligation to respond to any concerns with Tabor's conduct on the job and otherwise. Defendant neglected to do so with Tabor.



PEAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

7.    In October of 2008, a parent of several children attending Defendant's West Olympia facility, Lisa Steel, complained to Defendant's director of operations, Rose Horgdahl, that Elisha Tabor posed a danger to the young children at the facility.

8.    In November, 2008, Plaintiff Amanda Myrick enrolled her son S.A., age 3, in the Olympia Early Learning Center's facility.

9.    On February 10, 2009, Lisa Steel reported to the OELC that her daughter disclosed that she had been sexually abused at the facility.  A physical examination of the young girl revealed a scratch – consistent with a fingernail cut -- inside her vagina.  Ms. Steel specifically advised the school that as a result of her daughter's disclosure it was believed that Eli Tabor sexually abused her daughter.  Defendant then misdirected police and CPS investigators to another male employee named "Eli", a man named Eli Nelson, who became the subject of the investigation and passed a polygraph, resulting in the case being closed and deemed "unfounded".  But Ms. Steel and her husband, Doug Thompson, consistently asserted during the investigation that the abuser was Elisha Tabor, so directly in fact that the Defendant's administrators complained about the "attacks" by Ms. Steel and Ms. Thompson on Elisha Tabor.

10.    Defendant made no effort whatsoever to re-evaluate Tabor's suitability for childcare or to monitor the level of danger he posed. It also failed to warn parents, including Plaintiff Natalie Bond and Plaintiff Amanda Myrick, about a potential danger posed by male staff members following the February 2009 investigation. The only action Defendant took was to move Tabor from the classroom for two-year-olds where he was molesting children to the classroom for the three- and four-year-olds where he began molesting children.  Without a warning of any sort, Plaintiff Natalie Bond and Plaintiff Amanda Myrick continued taking their children to the facility for care by Tabor, among others.  Without protections provided for the children, Tabor began molesting others in the daycare.

COMPLAINT FOR DAMAGES
Page 3 of 8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

11. On March 11, 2009, Plaintiff Natalie Bond enrolled her son, A.K., age 3, in the Olympia Early Learning Center's West Olympia facility.

12. On May 22, 2009, shortly after the Steel complaint, Kristi Barbieri reported that her two-year-old daughter had disclosed sexual abuse by "Eli." Again, Defendant misdirected police and CPS to Eli Nelson who again passed a polygraph, again prompting the investigation to be closed and deemed "unfounded".

13. Despite a second sexual abuse report involving "Eli" and a young child receiving care at the West Olympia facility, Defendant failed to warn parents about a danger and failed to take steps to protect the children from the danger posed by Tabor. Without a warning of any kind, Plaintiff Natalie Bond and Plaintiff Amanda Myrick continued taking their children to the facility for care with Tabor, among others. Without protections afforded the children, Tabor continued molesting children there.

14. On October 7, 2010, Tabor was arrested in Olympia for Driving Under the Influence and later convicted on November 8, 2010. Tabor admitted to a severe drinking problem during this time. He later acknowledged that he molested Plaintiff Amanda Myrick's son while drinking.

15. On February 3, 2011, Eli Tabor was arrested for the rape of a child who attended the Olympia Early Learning Center. Tabor plead guilty to counts of Rape of a Child in the First Degree and Child Molestation in the First Degree on May 26, 2011, receiving nearly twenty years in prison as his sentence. He has specifically pleaded guilty to the rape of the minor Plaintiff, S.A.

**A. Negligence – Defendant Olympia Early Learning Center's negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

9. Plaintiffs incorporate all paragraphs above and below.



PEAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

10.     Defendant Olympia Early Learning Center contracted with Plaintiffs and undertook the duty to provide care and supervision for minor Plaintiffs S.A. and A.K., and was responsible for their care and supervision while they attended its care facility.  Defendant specifically invited Plaintiff parents to rely on Defendant Olympia Early Learning Center to care for and supervise minor Plaintiffs.   Plaintiff parents, justifiably relied on Defendant Olympia Early Learning Center to exercise reasonable care in performing those duties. Defendant Olympia Early Learning Center owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, and the monitoring of its employee, Eli Tabor.

11.     Defendant Olympia Early Learning Center breached its duty to provide for the reasonable care and protection of the minor Plaintiffs. Defendant Olympia Early Learning Center knew and breached its duty to investigate the dangerous propensities of its employee, Eli Tabor.  Defendant Olympia Early Learning Center failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor would not be left unsupervised with children, including the minor Plaintiffs here.

12.     Defendant Olympia Early Learning Center breached its duty to provide reasonable care.  Defendant Olympia Early Learning Center failed to implement procedures to assure that the minor Plaintiffs were safe from Eli Tabor.

13.     Defendant's negligence directly and proximately caused significant damages. Specifically, minor Plaintiffs were sexually abused by an adult male staff member of Defendant Olympia Early Learning Center.

14.     The sexual abuse of the minor Plaintiffs has caused damage to the relationship between the minors and their parents, Amanda Myrick and Natalie Bond.   The minor



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

Plaintiffs have shown signs of premature sexualization. Plaintiff parents must now deal with the sexual abuse of the minor Plaintiffs at the hands of Defendant Olympia Early Learning Center's staff member.

15.     As a direct and proximate result of each of the negligent acts committed by Defendant Olympia Early Learning Center, the Plaintiffs sustained damages in an amount to be proven at trial.

**B.  RCW 4.24.010 Loss of Consortium**

16.     Plaintiffs incorporate all paragraphs above and below.

17.     Plaintiff Amanda Myrick and Natalie Bond are the parents of minors S.A. and A.K. respectively. As a direct and proximate result of Defendant's tortuous conduct, Plaintiffs Amanda Myrick and Nicole Bond have suffered a loss of consortium with their children. The trauma and stress caused by the abuse at Defendant Olympia Early Learning Center harmed their otherwise happy relationships with their children.

**C.     Breach of Contract**

18.     Plaintiffs incorporate all paragraphs above and below.

19.     Plaintiffs Amanda Myrick and Nicole Bond entered into valid contracts for services with Defendant Olympia Early Learning Center.

20.     Defendant Olympia Early Learning Center knew or should have known the dangerous proclivities of Eli Tabor.

21.     Defendant Olympia Early Learning Center materially breached these contracts by failing to provide reasonable care and supervision as promised for Plaintiffs.

22.     Defendant Olympia Early Learning Center retained full payment for services despite its failure to provide said services.

COMPLAINT FOR DAMAGES
Page 6 of 8



701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

23.     Plaintiffs are entitled to restitution for tuition payment provided to Defendant Olympia Early Learning Center, in addition to prejudgment interest.

### D.  Breach of Implied Warranty

24.     Plaintiffs incorporate all paragraphs above and below.

25.     Defendants Olympia Early Learning Center implicitly warranted that the daycare would provide reasonable supervision and care for Plaintiffs. Defendant knew or should have known the danger posed by Eli Tabor.  However, Defendant Olympia Early Learning Center failed to provide reasonable supervision and care for Plaintiffs.  This was a direct violation of Defendant's implied warranty to Plaintiffs.

## IV.     SPOLIATION OF EVIDENCE

26.     Plaintiffs believe and therefore allege that various employees of Defendant Olympia Early Learning Center have destroyed key records concerning the knowledge the Defendant possessed about the danger Tabor posed to children. Plaintiffs seek a monetary recovery for the value of the destroyed evidence or, in the alternative, a presumption at trial that the evidence destroyed established Defendant's liability in the case.

## VII.    INJURIES AND DAMAGES

27.     Plaintiffs incorporate all paragraphs above.

28.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered medical costs in an amount to be determined at trial.  These special damages are continuing.

29.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered damages including severe emotional distress, depression, anxiety, humiliation, embarrassment, and other physical and psychological symptoms in an amount to be proven at trial.  These general damages are continuing.

COMPLAINT FOR DAMAGES
Page 7 of 8



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

1

2

3

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant, for the general and special damages as allowed by law, for attorneys' fees and litigation costs in maintaining this action, and for prejudgment interest and such other relief as the Court may deem just.

Dated this 2nd day of August, 2011.


PFAU COCHRAN VERTETIS AMALA PLLC


By 

Darrell Cochran, WSBA No. 22851
darrell@pcvalaw.com
Harold Carr, WSBA No. 11767
Haroldcarrlaw@comcast.net
Attorneys for Plaintiffs

4842-2467-0218, v. 3



701 Fifth Avenue, Suite 4730
Seattle, WA 98104
Phone: (206) 462-4334  Facsimile: (206) 623-3624

**EXHIBIT 2**
**MYRICK II COMPLAINT**

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2012 APR 12  AM 11: 32

BETTY J. GOULD, CLERK

ORIGINAL

THE HONORABLE William Thomas McPhee

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

AMANDA MYRICK, individually and as
GAL for S.A., a minor, and NICOLE BOND,
individually and as GAL for A.K., a minor,,
Plaintiffs,

vs.

STEVE OLSEN, individually, and ROSE
HORGDAHL, individually,

Defendant.

12 2 00789 3

NO.

COMPLAINT

COMES NOW, Plaintiffs, Nicole Bond, individually and as limited GAL for A.K., a

minor, and Amanda Myrick, individually and as Guardian Ad Litem for S.A., a minor, by and

through their counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as

follows:

## I.     PARTIES

1.      Plaintiffs Amanda Myrick and minor child S.A., at all relevant times resided in

Thurston County, Washington.

2.      Plaintiffs Nicole Bond and minor child A.K., at all relevant times, resided in

Thurston County, Washington.

COMPLAINT 1 of 8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

3.      Defendant Steve Olsen, at all relevant times, resided and conducted business in Thurston County, Washington. Defendant Steve Olsen acted as the Executive Director of the Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington. Defendant Rose Horgdahl, at all relevant times, also resided and conducted business in Thurston County, Washington. Defendant Rose Horgdahl acted as the site and/or program director for the Olympia Early Learning Center.

## II.      JURISDICTION AND VENUE

4.      Plaintiffs live in Thurston County, Washington.   Defendants worked in Thurston County.

5.      The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington. Jurisdiction and venue is proper.

## III.     FACTS

6.      Defendants were involved in the hiring of Elisha ("Eli") Tabor as an employee on May 23, 2008. As Tabor has stated, Defendants hired him "on the spot" after his step-mother, Alana Tabor, an employee of Olympia Early Learning Center, alerted him to openings at the Center's West Olympia location where he then applied. In making this hire, Defendants had a duty to protect its children by investigating Tabor's background, doing a reference check and conducting a complete interview designed to determine whether there were concerns about his character, behavior and conduct that could present a danger to the children. Defendants had an obligation to spend time doing a probationary training period assessing Tabor's suitability for childcare and establishing procedures to provide oversight to

COMPLAINT 2 of 8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

make sure neither Tabor nor any of the male staff used by Defendants would sexually molest the children. Defendants had an obligation to respond to any concerns with Tabor's conduct on the job and otherwise. Defendants neglected to do so with Tabor.

7.     In October of 2008, a parent of several children attending the West Olympia facility, Lisa Steel, complained to Defendant Rose Horgdahl, that Elisha Tabor posed a danger to the young children at the facility.

8.     In November, 2008, Plaintiff Amanda Myrick enrolled her son S.A., age 3, in the Olympia Early Learning Center's facility.

9.     On February 10, 2009, Lisa Steel reported to the OELC that her daughter disclosed that she had been sexually abused at the facility.  A physical examination of the young girl revealed a scratch – consistent with a fingernail cut -- inside her vagina.  Ms. Steel specifically advised the school that as a result of her daughter's disclosure it was believed that Eli Tabor sexually abused her daughter.  Defendant Rose Horgdahl then misdirected police and CPS investigators to another male employee named "Eli", a man named Eli Nelson, who became the subject of the investigation and passed a polygraph, resulting in the case being closed and deemed "unfounded".  But Ms. Steel and her husband, Doug Thompson, consistently asserted during the investigation that the abuser was Elisha Tabor, so directly in fact that the Defendant Horgdahl and others complained about the "attacks" by Ms. Steel and Ms. Thompson on Elisha Tabor.

10.     Defendants made no effort whatsoever to re-evaluate Tabor's suitability for childcare or to monitor the level of danger he posed. They also failed to warn parents, including Plaintiff Natalie Bond and Plaintiff Amanda Myrick, about a potential danger posed



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

by male staff members following the February 2009 investigation. The only action Defendants took was to move Tabor from the classroom for two-year-olds where he was molesting children to the classroom for the three- and four-year-olds where he began molesting children. Without a warning of any sort, Plaintiff Natalie Bond and Plaintiff Amanda Myrick continued taking their children to the facility for care by Tabor, among others. Without protections provided for the children, Tabor began molesting others in the daycare.

11.     On March 11, 2009, Plaintiff Natalie Bond enrolled her son, A.K., age 3, in the Olympia Early Learning Center's West Olympia facility.

12.     On May 22, 2009, shortly after the Steel complaint, Kristi Barbieri reported that her two-year-old daughter had disclosed sexual abuse by "Eli." Again, Defendants misdirected police and CPS to Eli Nelson who again passed a polygraph, again prompting the investigation to be closed and deemed "unfounded".

13.     Despite a second sexual abuse report involving "Eli" and a young child receiving care at the West Olympia facility, Defendants failed to warn parents about a danger and failed to take steps to protect the children from the danger posed by Tabor. Without a warning of any kind, Plaintiff Natalie Bond and Plaintiff Amanda Myrick continued taking their children to the facility for care with Tabor, among others. Without protections afforded the children, Tabor continued molesting children there.

14.     In July 2010, Defendants received a report that Eli Tabor was lying about kissing minor – Plaintiff S.A. on a sleeping mat in one of the Learning Center Classrooms.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Defendant Horgdahl wrote a discipline note for "Eli" Tabor about the conduct but neither she nor Defendant Olsen took further action.

15.     On October 7, 2010, Tabor was arrested in Olympia for Driving Under the Influence and later convicted on November 8, 2010.  Tabor admitted to a severe drinking problem during this time.  He later acknowledged that he molested Plaintiff Amanda Myrick's son while drinking.

16.     On February 3, 2011, Eli Tabor admitted to dozens of acts of sexual abuse, including anal sodomy, oral sodomy and other acts of sexual abuse.  He was arrested for the rape of a child who attended the Olympia Early Learning Center.  Tabor plead guilty to counts of Rape of a Child in the First Degree and Child Molestation in the First Degree on May 26, 2011, receiving nearly twenty years in prison as his sentence.  He has specifically plead guilty to the rape of the minor Plaintiff, S.A.

**A.     Negligence – Defendants' negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

17.     Plaintiffs incorporate all paragraphs above and below.

18.     As directors of the Olympia Early Learning Center, Defendants Steve Olsen and Rose Horgdahl assumed responsibility to provide care and supervision for the minor plaintiffs and were responsible for their care and supervision while they attended its care facility.  Defendants specifically invited the Plaintiff parents to rely on Defendants to care for and supervise the minor plaintiffs.  Plaintiff parents justifiably relied on Defendants to exercise reasonable care in performing those duties.  Defendants owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, the monitoring of and/or its male staff.

COMPLAINT 5 of 8



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

19.     Defendants breached their duty to provide for the reasonable care and protection of the minor Plaintiffs. Defendants knew and breached their duty to investigate the dangerous propensities of their employee, Eli Tabor. Defendants failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor would not be left unsupervised with children, including the minor Plaintiffs here.

20.     Defendants breached their duty to provide reasonable care. Defendants failed to implement procedures to assure that the minor Plaintiffs were safe from Eli Tabor.

21.     Defendants' negligence directly and proximately caused significant damages. Specifically, minor Plaintiffs were sexually abused by one of their adult male staff members.

22.     The sexual abuse of the minor Plaintiffs has caused damage to the relationship between the minors and their parents, Amanda Myrick and Nicole Bond. The minor Plaintiffs have shown signs of premature sexualization. Plaintiff parents must now deal with the sexual abuse of the minor Plaintiffs at the hands of Defendants' staff member.

23.     As a direct and proximate result of each of the negligent acts committed by Defendants, the Plaintiffs sustained damages in an amount to be proven at trial.

**B.      RCW 4.24.010 Loss of Consortium**

24.     Plaintiffs incorporate all paragraphs above and below.

25.     Plaintiff Amanda Myrick and Nicole Bond are the parents of minors S.A. and A.K. respectively. As a direct and proximate result of Defendants' tortuous conduct, Plaintiffs Amanda Myrick and Nicole Bond have suffered a loss of consortium with their children. The trauma and stress caused by the abuse at Olympia Early Learning Center, directed by



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Defendants Steve Olsen and Rose Horgdahl harmed their otherwise happy relationships with their children.

## IV.    SPOLIATION OF EVIDENCE

26.    Plaintiffs believe and therefore allege that various employees of Defendants have destroyed key records concerning the knowledge the Defendants possessed about the danger Tabor posed to children. Plaintiffs seek a monetary recovery for the value of the destroyed evidence or, in the alternative, a presumption at trial that the evidence destroyed established Defendants' liability in the case.

## V.    INJURIES AND DAMAGES

27.    Plaintiffs incorporate all paragraphs above.

28.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered medical costs in an amount to be determined at trial.  These special damages are continuing.

29.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages including severe emotional distress, depression, anxiety, humiliation, embarrassment, and other physical and psychological symptoms in an amount to be proven at trial.  These general damages are continuing.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, for the general and special damages as allowed by law, for attorneys' fees and litigation costs in maintaining this action, and for prejudgment interest and such other

COMPLAINT 7 of 8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

1   relief as the Court may deem just.

2        Dated this 11th day of April, 2012.

3

4                        PFAU COCHRAN VERTETIS AMALA, PLLC

5

6

7                        By _____

8                            Darrell L. Cochran, WSBA No. 22851
                             darrell@pcvalaw.com
9                            Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT 8 of 8



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**EXHIBIT 3**
**STEEL I COMPLAINT**

*8*

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2011 JUN -9  AM 11: 33

BETTY J. GOULD, CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

LISA STEEL, individually and as GAL for
J.E., a minor and DOUGLAS THOMPSON,
and KRISTI BARBIERI, individually and as
GAL for S.R.B.,

                   Plaintiffs,

vs.

OLYMPIA EARLY LEARNING CENTER,

                   Defendant.

NO. 11-2-00995-2

AMENDED COMPLAINT FOR
DAMAGES

Plaintiffs, Lisa Steel, individually and as limited GAL for J.E., a minor, and Douglas

Thompson, as well as Plaintiff, Kristi Barbieri and her minor daughter, S.R.B., by and through

their counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as follows:

## I.    PARTIES

1.    Plaintiffs Lisa Steel and Douglas Thompson, husband and wife, at all relevant

times, resided in Thurston County, Washington.

2.    Plaintiff J.E., a minor, at all relevant times resided in Thurston County,

Washington.

AMENDED COMPLAINT FOR DAMAGES 1 of 8
11-2-00995-2



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654



3.      Plaintiff, Kristi Barbieri, a single woman, at all relevant times, resided in Thurston County, Washington.

4.      Plaintiff, S.R.B., a minor, at all relevant times, resided in Thurston County, Washington.

5.      Defendant Olympia Early Learning Center, at all relevant times conducted business in Thurston County, Washington.   Defendant Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington.

## II.      JURISDICTION AND VENUE

1.      Plaintiffs live in Thurston County, Washington.   Defendant operates its business in Thurston County.

2.      The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington. Jurisdiction and venue is proper.

## III.      FACTS

1.      Plaintiff Kristi Barbieri enrolled her daughter, S.R.B., into the Olympia Early Learning Center on January 22, 2007.  S.R.B. was six weeks old at the time of enrollment. Plaintiff Lisa Steel and Doug Thompson enrolled their daughter, J.E., in the Olympia Early Learning Center at the McPhee Road location.  J.E. was 2 years old at the time.  Defendant hired Eli Tabor as an employee in the May 2008.  In doing so, Defendant Olympia Early Learning Center had a duty to protect its children by investigating Tabor's background and conducting a complete interview designed to determine whether he was a pedophile. Defendant also should have spent time doing a probationary training period assessing Tabor's



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

suitability for childcare and establishing procedures to provide oversight to make sure neither Tabor nor any of the male staff used by Defendant would sexually molest the children. Defendant should have known that Tabor was a danger to small children.

2.       On February 10, 2009, Mr. Tabor sexually assaulted minor J.E.  On February 10, 2009 J.E. reported that "Eli" had inappropriately touched her.  J.E. was taken to Mary Bridge Hospital for evaluation and her disclosures were consistent.  Plaintiff Lisa Steel and her husband Douglas Thompson advised Olympia Early Learning Center that her daughter had disclosed sexual abuse by staff member "Eli".

3.       On May 20, 2009, Mr. Tabor sexually assault minor S.R.B.  On May 20, 2009, S.R.B. yelled "Eli, owie, mom!" describing pain to her vaginal area when Ms. Barbieri sat her daughter into a tub of bathwater.  Ms. Barbieri took her daughter to St. Peter's Hospital where S.R.B. was interviewed by Social Workers and the Olympia Police Department and gave the same statements.  Ms. Barbieri advised the Olympia Early Learning Center that her daughter had disclosed sexual abuse by staff member "Eli."

4.       Based on information and belief it is asserted that Defendant Olympia Early Learning Center failed to take any action against staff member Eli Tabor or to protect the children at the facility.

5.       On February 14, 2011, Eli Tabor was arrested for the rape of a child who attended the Olympia Early Learning Center.

A.       **Negligence** – **Defendant Olympia Early Learning Center's negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

1.       Plaintiffs incorporate all paragraphs above and below.

AMENDED COMPLAINT FOR DAMAGES 3 of 8
11-2-00995-2

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

2.      Defendants Olympia Early Learning Center contracted with Plaintiffs and undertook the duty to provide care and supervision for the minor plaintiffs and was responsible for their care and supervision while they attended its care facility.  Defendants specifically invited the Plaintiff parents to rely on Defendant Olympia Early Learning Center to care for and supervise the minor plaintiffs.  Plaintiff parents justifiably relied on Defendant Olympia Early Learning Center to exercise reasonable care in performing those duties. Defendant Olympia Early Learning Center owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, the monitoring of and/or its male staff.

3.      Defendant Olympia Early Learning Center breached its duty to provide for the reasonable care and protection of the minor plaintiffs.  Defendant Olympia Early Learning Center knew and breached its duty to investigate the dangerous propensities of Eli Tabor and/or its other male staff.  Defendant Olympia Early Learning Center failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor and/or its male staff would not be left unsupervised with children, including the minor plaintiffs.

4.      Defendant Olympia Early Learning Center breached its duty to provide reasonable care.  Defendant Olympia Early Learning Center failed to implement procedures to assure that the minor plaintiffs were safe from Eli Tabor and/or its other male staff.

5.      Defendant's negligence directly and proximately caused significant damages.  Specifically, the minor plaintiffs were sexually abused by an adult male staff member of Defendant Olympia Early Learning Center.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

6.     The sexual abuse of the minor plaintiffs has caused damage to the relationship between the minor plaintiffs and their parents.  Plaintiff J.E. has shown signs of premature sexualization.  Plaintiffs must now deal with the sexual abuse of the minor plaintiffs at the hands of Defendant Olympia Early Learning Center's staff member.

7.     As a direct and proximate result of each of the negligent acts committed by Defendant Olympia Early Learning Center, the Plaintiffs sustained damages in an amount to be proven at trial.

B.     **RCW 4.24.010 Loss of Consortium**

1.     Plaintiffs incorporate all paragraphs above and below.

2.     Plaintiff Lisa Steel and Douglas Thompson are the parents of Plaintiff J.E., and have supported her since her birth.  As a direct and proximate result of Defendant's tortious conduct, Plaintiffs Lisa Steel and Douglas Thompson have suffered a loss of consortium with their daughter Plaintiff J.E.  The trauma and stress caused by Plaintiff J.E.'s mistreatment and abuse at Defendant Olympia Early Learning Center harmed an otherwise happy relationship with Plaintiff J.E.  The effects continue to this day.

3.     Plaintiff Kristi Barbieri is the adoptive parent of Plaintiff S.R.B.  As a direct and proximate result of Defendant's tortious conduct, Plaintiff Kristi Barbieri has suffered a loss of consortium with her daughter, Plaintiff S.R.B.  The trauma and stress caused by Plaintiff S.R.B.'s mistreatment and abuse at Defendant Olympia Early Learning Center harmed an otherwise happy relationship with Plaintiff S.R.B.  The effects continue to this day.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253)777-0799 Facsimile: (253) 627-0654

C.     **Breach of Contract**

1.      Plaintiffs incorporate all paragraphs above and below.

2.      Plaintiffs Lisa Steel and Douglas Thompson, and Kristi Barbieri entered valid contract for services with Defendant Olympia Early Learning Center.

3.      Defendant Olympia Early Learning Center knew or should have known the dangerous proclivities of Eli Tabor and should have protected the minor plaintiffs from the foreseeable harm of sexual abuse presented by male staff members.

4.      Defendant Olympia Early Learning Center materially breached the contracts by failing to provide reasonable care, supervision and protection of the minor plaintiffs.

5.      Defendant Olympia Early Learning Center retained full payment for services despite its failure to provide said services.

6.      Plaintiffs are entitled to restitution for tuition payment provided to Defendant Olympia Early Learning Center, in addition to prejudgment interest.

D.     **Breach of Implied Warranty**

1.      Plaintiffs incorporate all paragraphs above and below.

2.      Defendants Olympia Early Learning Center implicitly warranted that the daycare would provide safe and reasonable supervision, care and protection for the minor plaintiffs.  Defendant knew or should have known the dangerous propensity of Elisha Tabor.  But Defendant Olympia Early Learning Center failed to provide safe and reasonable supervision, care and protection for the minor plaintiffs.  This was a direct violation of Defendant's implied warranty to Plaintiffs.

AMENDED COMPLAINT FOR DAMAGES 6 of 8
11-2-00995-2

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

1

## IV.   INJURIES AND DAMAGES

2

1.      Plaintiffs incorporate all paragraphs above.

3

2.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs

4

have suffered medical costs in an amount to be determined at trial.  These special damages are

5

6

continuing.

7

3.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs

8

have suffered damages including severe emotional distress, depression, anxiety, humiliation,

9

embarrassment, and other physical and psychological symptoms in an amount to be proven at

10

trial.  These general damages are continuing.

11

12

## V.   PRAYER FOR RELIEF

13

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant,

14

for the general and special damages as allowed by law, for attorneys' fees and litigation costs

15

in maintaining this action, and for prejudgment interest and such other relief as the Court may

16

17

deem just.

18

Dated this ___7th___ day of June, 2011.

19

20

PFAU COCHRAN VERTETIS AMALA, PLLC

21

22



23

By _____

24

Darrell L. Cochran, WSBA No. 22851
darrell@pcvalaw.com
Attorneys for Plaintiffs

25

26

AMENDED COMPLAINT FOR DAMAGES 7 of 8
11-2-00995-2

**PFAU COCHRAN**
**VERTETIS AMALA**
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

1

2

## CERTIFICATE OF SERVICE

3

4    I, **Ami Erpenbach**, hereby declare under penalty of perjury under the laws of the

State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on
5

6    today's date, I served via Legal Messenger / U.S. Regular Mail / Facsimile, indicated below,

7    by directing delivery to the following individuals:

8

9        Michael C. Bolasina
         Summit Law Group
10        315 Fifth Avenue South, Suite 100
         Seattle, WA 98104 -2682
11        Attorney for: Olympia Early Learning Center

12

13            DATED this __7th__ day of June, 2011.

14

15

16

17            _____
              Ami Erpenbach
18            Legal Assistant to Darrell L. Cochran

19

20

21

22

23    4828-2768-9737, v. 1

24

25

26

AMENDED COMPLAINT FOR DAMAGES 8 of 8
11-2-00995-2


911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**EXHIBIT 4**
**STEEL II COMPLAINT**

**ORIGINAL**

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2012 APR 12 AM 11: 31

BETTY J. GOULD, CLERK

THE HONORABLE William Thomas McPhee

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

LISA STEEL, individually and as GAL for
J.T., a minor and DOUGLAS THOMPSON,
and KRISTI BARBIERI, individually and as
GAL for S.R.B.,

                     Plaintiffs,

vs.

STEVE OLSEN, individually, and ROSE
HORGDAHL, individually,

                     Defendant.

12 2 00790 7

COMPLAINT

Plaintiffs, Lisa Steel, individually and as limited GAL for J.E., a minor, and Douglas

Thompson, as well as Plaintiff, Kristi Barbieri and her minor daughter, S.R.B., by and through

their counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as follows:

## I.    PARTIES

1.    Plaintiffs Lisa Steel and Douglas Thompson, husband and wife, at all relevant

times, resided in Thurston County, Washington.

2.    Plaintiff J.E., a minor, at all relevant times resided in Thurston County,

Washington.

COMPLAINT 1 of 6

**PFAU COCHRAN
VERTETIS AMALA**
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

3.      Plaintiff, Kristi Barbieri, a single woman, at all relevant times, resided in Thurston County, Washington.

4.      Plaintiff, S.R.B., a minor, at all relevant times, resided in Thurston County, Washington.

5.      Defendant Steve Olsen, at all relevant times, resided and conducted business in Thurston County, Washington.  Defendant Steve Olsen acted as the Executive Director of the Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington. Defendant Rose Horgdahl, at all relevant times, also resided and conducted business in Thurston County, Washington. Defendant Rose Horgdahl acted as the site and/or program director for the Olympia Early Learning Center.

## II.     JURISDICTION AND VENUE

6.      Plaintiffs live in Thurston County, Washington.   Defendants worked in Thurston County.

7.      The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington.  Jurisdiction and venue is proper.

## III.     FACTS

8.      Plaintiff Kristi Barbieri enrolled her daughter, S.R.B., into the Olympia Early Learning Center on January 22, 2007.  S.R.B. was six weeks old at the time of enrollment. Plaintiff Lisa Steel and Doug Thompson enrolled their daughter, J.E., in the Olympia Early Learning Center at the McPhee Road location.  J.E. was 2 years old at the time.  Defendants were involved in the hiring of Eli Tabor as an employee in the May 2008.  In doing so,

COMPLAINT 2 of 6



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Defendants had a duty to protect its children by investigating Tabor's background and conducting a complete interview designed to determine whether he was a pedophile. Defendants also should have spent time doing a probationary training period assessing Tabor's suitability for childcare and establishing procedures to provide oversight to make sure neither Tabor nor any of the male staff used by Defendants would sexually molest the children. Defendant should have known that Tabor was a danger to small children.

9.     On February 10, 2009, Mr. Tabor sexually assaulted minor J.E.  On February 10, 2009 J.E. reported that "Eli" had inappropriately touched her.  J.E. was taken to Mary Bridge Hospital for evaluation and her disclosures were consistent.  Plaintiff Lisa Steel and her husband Douglas Thompson advised Olympia Early Learning Center that her daughter had disclosed sexual abuse by staff member "Eli".

10.     On May 20, 2009, Mr. Tabor sexually assault minor S.R.B.  On May 20, 2009, S.R.B.  yelled "Eli, owie, mom!" describing pain to her vaginal area when Ms. Barbieri sat her daughter into a tub of bathwater.   Ms. Barbieri took her daughter to St. Peter's Hospital where S.R.B. was interviewed by Social Workers and the Olympia Police Department and gave the same statements.   Ms. Barbieri advised the Olympia Early Learning Center that her daughter had disclosed sexual abuse by staff member "Eli."

11.     Based on information and belief it is asserted that Defendants failed to take any action against staff member Eli Tabor or to protect the children at the facility.

12.     On February 14, 2011, Eli Tabor was arrested for the rape of a child who attended the Olympia Early Learning Center.

COMPLAINT 3 of 6



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

A.   **Negligence** – **Defendants' negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

Plaintiffs incorporate all paragraphs above and below.

13.   As directors of the Olympia Early Learning Center, Defendants Steve Olsen and Rose Horgdahl assumed responsibility to provide care and supervision for the minor plaintiffs and were responsible for their care and supervision while they attended its care facility.  Defendants specifically invited the Plaintiff parents to rely on Defendants to care for and supervise the minor plaintiffs.  Plaintiff parents justifiably relied on Defendants to exercise reasonable care in performing those duties.  Defendants owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, the monitoring of and/or its male staff.

14.   Defendants breached their duty to provide for the reasonable care and protection of the minor plaintiffs.  Defendants knew and breached their duty to investigate the dangerous propensities of Eli Tabor and/or its other male staff.  Defendants failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor and/or its male staff would not be left unsupervised with children, including the minor plaintiffs.

15.   Defendants breached their duty to provide reasonable care.  Defendants failed to implement procedures to assure that the minor plaintiffs were safe from Eli Tabor and/or its other male staff.

16.   Defendants' negligence directly and proximately caused significant damages. Specifically, the minor plaintiffs were sexually abused by an adult male staff member of Olympia Early Learning Center.

COMPLAINT 4 of 6



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

17.     The sexual abuse of the minor plaintiffs has caused damage to the relationship between the minor plaintiffs and their parents.  Plaintiff J.E. has shown signs of premature sexualization.  Plaintiffs must now deal with the sexual abuse of the minor plaintiffs at the hands of Defendants' staff member.

18.     As a direct and proximate result of each of the negligent acts committed by Defendants, the Plaintiffs sustained damages in an amount to be proven at trial.

**B.     RCW 4.24.010 Loss of Consortium**

Plaintiffs incorporate all paragraphs above and below.

19.     Plaintiff Lisa Steel and Douglas Thompson are the parents of Plaintiff J.E., and have supported her since her birth.  As a direct and proximate result of Defendants' tortious conduct, Plaintiffs Lisa Steel and Douglas Thompson have suffered a loss of consortium with their daughter Plaintiff J.E.  The trauma and stress caused by Plaintiff J.E.'s mistreatment and abuse at Olympia Early Learning Center harmed an otherwise happy relationship with Plaintiff J.E.  The effects continue to this day.

20.     Plaintiff Kristi Barbieri is the adoptive parent of Plaintiff S.R.B.  As a direct and proximate result of Defendants' tortious conduct, Plaintiff Kristi Barbieri has suffered a loss of consortium with her daughter, Plaintiff S.R.B.  The trauma and stress caused by Plaintiff S.R.B.'s mistreatment and abuse at Olympia Early Learning Center harmed an otherwise happy relationship with Plaintiff S.R.B.  The effects continue to this day.

## IV.     INJURIES AND DAMAGES

Plaintiffs incorporate all paragraphs above.

COMPLAINT 5 of 6



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

21.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered medical costs in an amount to be determined at trial.  These special damages are continuing.

22.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages including severe emotional distress, depression, anxiety, humiliation, embarrassment, and other physical and psychological symptoms in an amount to be proven at trial.  These general damages are continuing.

V.    <strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, for the general and special damages as allowed by law, for attorneys' fees and litigation costs in maintaining this action, and for prejudgment interest and such other relief as the Court may deem just.

Dated this 11th day of April, 2012.


PFAU COCHRAN VERTETIS AMALA, PLLC


By _____

Darrell L. Cochran, WSBA No. 22851
darrell@pcvalaw.com
Attorneys for Plaintiffs

COMPLAINT 6 of 6



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**EXHIBIT 5**
**MENDOZA I COMPLAINT**

9

**ORIGINAL**

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2012 MAR 13  PM 3: 55

BETTY J. GOULD, CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

| | |
|---|---|
| ALICIA MENDOZA, individually and as Guardian Ad Litem for M.M., a minor, G.S.J., individually and as Guardian Ad Litem for J.J., a minor, <br><br>                Plaintiffs, <br><br> v. <br><br> OLYMPIA EARLY LEARNING CENTER, <br><br>                Defendant. | NO. 11-2-01912-5 <br><br> AMENDED COMPLAINT FOR DAMAGES |

COMES NOW, Plaintiffs, Alicia Mendoza, individually and as limited GAL for

M.M., a minor, and G.S.J., individually and as GAL for J.J., a minor, by and through their

counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as follows:

## I.    PARTIES

1.    Plaintiffs Alicia Mendoza and minor child M.M., at all relevant times resided

in Thurston County, Washington.

2.    Plaintiffs G.S.J. and minor child J.J., at all relevant times resided in Thurston

County, Washington.

AMENDED COMPLAINT FOR DAMAGES
Page 1 of 9

3.       Defendant Olympia Early Learning Center, at all relevant times conducted business in Thurston County, Washington.   Defendant Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington.

## II.       JURISDICTION AND VENUE

4.       Plaintiffs live in Thurston County, Washington.   Defendant operates its business in Thurston County.

5.       The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington.  Jurisdiction and venue is proper.

## III.       FACTS

6.       Defendant Olympia Early Learning Center hired Elisha ("Eli") Eli Tabor as an employee on May 23, 2008.  As Tabor has stated, Defendant hired him "on the spot" after his step-mother, Alana Tabor, an employee of Defendant Olympia Early Learning Center, alerted him to openings at the Center's West Olympia location where he then applied.  In making this hire, Defendant Olympia Early Learning Center had a duty to protect its children by investigating Tabor's background, doing a reference check and conducting a complete interview designed to determine whether there were concerns about his character, behavior and conduct that could present a danger to the children.  Defendant had an obligation to spend time doing a probationary training period assessing Tabor's suitability for childcare and establishing procedures to provide oversight to make sure neither Tabor nor any of the male staff used by Defendant would sexually molest the children. Defendant had an obligation to respond to any concerns with Tabor's conduct on the job and otherwise. Defendant neglected to do so with Tabor.

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

7.      In the late summer of 2007, Plaintiff Alicia Mendoza enrolled her son M.M., age 2 months, in the Olympia Early Learning Center's facility.

8.      In July 2008, Plaintiff G.S.L. enrolled her developmentally disabled son J.J., age 3, in the Olympia Early Learning Center's facility.

9.      In October of 2008, a parent of several children attending Defendant's West Olympia facility, Lisa Steel, complained to Defendant's Director of Operations, Rose Horgdahl, that Elisha Tabor posed a danger to the young children at the facility.

10.     On February 10, 2009, Lisa Steel reported to the OELC that her daughter disclosed that she had been sexually abused at the facility.  A physical examination of the young girl revealed a scratch – consistent with a fingernail cut -- inside her vagina.  Ms. Steel specifically advised the school that as a result of her daughter's disclosure it was believed that Eli Tabor sexually abused her daughter.  Defendant then misdirected police and CPS investigators to another male employee named "Eli", a man named Eli Nelson, who became the subject of the investigation and passed a polygraph, resulting in the case being closed and deemed "unfounded".  But Ms. Steel and her husband, Doug Thompson, consistently asserted during the investigation that the abuser was Elisha Tabor, so directly in fact that the Defendant's administrators complained about the "attacks" by Ms. Steel and Ms. Thompson on Elisha Tabor.

11.     Defendant made no effort whatsoever to re-evaluate Tabor's suitability for childcare or to monitor the level of danger he posed. It also failed to warn parents, including Plaintiff Alicia Mendoza, about a potential danger posed by male staff members following the February 2009 investigation. The only action Defendant took was to move Tabor from the classroom for two-year-olds where he was molesting children to the classroom for the three- and four-year-olds where he began molesting children.  Without a warning of any sort,

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

Plaintiff Alicia Mendoza continued taking their children to the facility for care by Tabor, among others. Without protections provided for the children, Tabor began molesting others in the daycare.

12.     In August, 2009, Eli Tabor, on more than one occasion, transported J.J. from the OELC to his therapy appointments, then back to the center. J.J. was alone with Tabor and unsupervised. This unsupervised transportation was being provided by Tabor for J.J. with Director Rose Horgdahl's knowledge.  Approximately one month later, J.J. left the OELC and began Kindergarten.

13.     On October 7, 2010, Tabor was arrested in Olympia for Driving Under the Influence and later convicted on November 8, 2010.  Tabor admitted to a severe drinking problem during this time.

14.     On February 3, 2011, Eli Tabor was arrested for the rape of a child who attended the Olympia Early Learning Center.  Tabor plead guilty to counts of Rape of a Child in the First Degree and Child Molestation in the First Degree on May 26, 2011, receiving nearly twenty years in prison as his sentence.

**A.     Negligence – Defendant Olympia Early Learning Center's negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

15.     Plaintiffs incorporate all paragraphs above and below.

16.     Defendant Olympia Early Learning Center contracted with Plaintiffs and undertook the duty to provide care and supervision for minor Plaintiff M.M., and was responsible for its care and supervision while it attended its care facility.  Defendant specifically invited Plaintiff parents to rely on Defendant Olympia Early Learning Center to care for and supervise minor Plaintiff.  Plaintiff's parent, justifiably relied on Defendant

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

Olympia Early Learning Center to exercise reasonable care in performing those duties. Defendant Olympia Early Learning Center owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, and the monitoring of its employee, Eli Tabor.

17.    Defendant Olympia Early Learning Center breached its duty to provide for the reasonable care and protection of the minor Plaintiff. Defendant Olympia Early Learning Center knew and breached its duty to investigate the dangerous propensities of its employee, Eli Tabor.  Defendant Olympia Early Learning Center failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor would not be left unsupervised with children, including the minor Plaintiffs here.

18.    Defendant Olympia Early Learning Center breached its duty to provide reasonable care. Defendant Olympia Early Learning Center failed to implement procedures to assure that the minor Plaintiff was safe from Eli Tabor.

19.    Defendant's negligence directly and proximately caused significant damages. Specifically, minor Plaintiffs were sexually abused by an adult male staff member of Defendant Olympia Early Learning Center.

20.    The sexual abuse of the minor Plaintiff has caused damage to the relationship between the minor and its parents, Alicia Mendoza.  The minor Plaintiff has shown signs of premature sexualization.  Plaintiff's parent must now deal with the sexual abuse of the minor Plaintiff at the hands of Defendant Olympia Early Learning Center's staff member.

21.    As a direct and proximate result of each of the negligent acts committed by Defendant Olympia Early Learning Center, the Plaintiffs sustained damages in an amount to be proven at trial.

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

**B. RCW 4.24.010 Loss of Consortium**

22.     Plaintiffs incorporate all paragraphs above and below.

23.     Plaintiff Alicia Mendoza is the parent of minor, M.M. As a direct and proximate result of Defendant's tortuous conduct, Plaintiff Alicia Mendoza has suffered a loss of consortium with her child.   The trauma and stress caused by the abuse at Defendant Olympia Early Learning Center harmed their otherwise happy relationships with their children.

**C.     Breach of Contract**

24.     Plaintiffs incorporate all paragraphs above and below.

25.     Plaintiff Alicia Mendoza entered into a valid contract for services with Defendant Olympia Early Learning Center.

26.     Defendant Olympia Early Learning Center knew or should have known the dangerous proclivities of Eli Tabor.

27.     Defendant Olympia Early Learning Center materially breached these contracts by failing to provide reasonable care and supervision as promised for Plaintiffs.

28.     Defendant Olympia Early Learning Center retained full payment for services despite its failure to provide said services.

29.     Plaintiffs are entitled to restitution for tuition payment provided to Defendant Olympia Early Learning Center, in addition to prejudgment interest.

**D. Breach of Implied Warranty**

30.     Plaintiffs incorporate all paragraphs above and below.

31.     Defendants Olympia Early Learning Center implicitly warranted that the daycare would provide reasonable supervision and care for Plaintiffs. Defendant knew or should have known the danger posed by Eli Tabor.  However, Defendant Olympia Early

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

Learning Center failed to provide reasonable supervision and care for Plaintiffs. This was a direct violation of Defendant's implied warranty to Plaintiffs.

### IV.   SPOLIATION OF EVIDENCE

32.      Plaintiffs believe and therefore allege that various employees of Defendant Olympia Early Learning Center have destroyed key records concerning the knowledge the Defendant possessed about the danger Tabor posed to children. Plaintiffs seek a monetary recovery for the value of the destroyed evidence or, in the alternative, a presumption at trial that the evidence destroyed established Defendant's liability in the case.

### VII.   INJURIES AND DAMAGES

33.      Plaintiffs incorporate all paragraphs above.

34.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered medical costs in an amount to be determined at trial. These special damages are continuing.

35.      As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered damages including severe emotional distress, depression, anxiety, humiliation, embarrassment, and other physical and psychological symptoms in an amount to be proven at trial. These general damages are continuing.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendant, for the general and special damages as allowed by law, for attorneys' fees and litigation costs in maintaining this action, and for prejudgment interest and such other relief as the Court may deem just.

//

//

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

1

Dated this 13th day of March, 2012.

2

3                                          PFAU COCHRAN VERTETIS AMALA PLLC

4

5                                          By_____

6                                             Darrell Cochran, WSBA No. 22851
                                              darrell@pcvalaw.com
7                                             Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

1

2

### CERTIFICATE OF SERVICE

3       I, **Laura Neal**, hereby declare under penalty of perjury under the laws of the State of

4    Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's

5    date, I served via E-mail/ US Mail by directing delivery to the following individual:

6

7    Michael Bolasina
     Summit Law Group
8    315 5th Ave. Ste. 1000
     Seattle, WA 98104-2682

9
             DATED this 13th day of March, 2012.
10

11

12

13                                                    Laura Neal
                                                      Legal Assistant to Darrell L. Cochran
14

15

16

17   4836-3576-7822, v. 1

18

19

20

21

22

23

24

25

26

PFAU COCHRAN VERTETIS AMALA, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253)777-0799 Facsimile (253)627-0654

**EXHIBIT 6**
**MENDOZA II COMPLAINT**

8

**ORIGINAL**

FILED
SUPERIOR COURT
THURSTON COUNTY, WA

2012 APR 12  AM 11: 32

BETTY J. GOULD, CLERK

THE HONORABLE William Thomas McPhee

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THURSTON COUNTY

ALICIA MENDOZA, individually and as
Guardian ad Litem for M.M., a minor, and
G.S.J. individually and as Guardian Ad Litem
for J.J., a minor,

                                 Plaintiffs,

vs.

STEVE OLSEN, individually, and ROSE
HORGDAHL, individually,

                               Defendant.

12 2 00788 5

COMPLAINT

COMES NOW, Plaintiffs, Alicia Mendoza, individually and as limited GAL for

M.M., a minor, and G.S.J., individually and as GAL for J.J., a minor, by and through their

counsel, Darrell L. Cochran of Pfau Cochran Vertetis Amala PLLC, to allege as follows:

## I.  PARTIES

1.    Plaintiffs Alicia Mendoza and minor child M.M., at all relevant times resided

in Thurston County, Washington.

2.    Plaintiffs G.S.J. and minor child J.J., at all relevant times resided in Thurston

County, Washington.

COMPLAINT 1 of 8



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

3.      Defendant Steve Olsen, at all relevant times, resided and conducted business in Thurston County, Washington. Defendant Steve Olsen acted as the Executive Director of the Olympia Early Learning Center operated at 201 Capital Way North and 420 McPhee Road SW, both in Olympia, Thurston County, Washington. Defendant Rose Horgdahl, at all relevant times, also resided and conducted business in Thurston County, Washington. Defendant Rose Horgdahl acted as the site and/or program director for the Olympia Early Learning Center.

## II.    JURISDICTION AND VENUE

4.      Plaintiffs live in Thurston County, Washington.    Defendant worked in Thurston County.

5.      The tortious conduct which is the subject of this complaint occurred in Thurston County, Washington. Jurisdiction and venue is proper.

## III.    FACTS

6.      Defendants were involved in hiring Elisha ("Eli") Tabor as an employee on May 23, 2008. As Tabor has stated, Defendants hired him "on the spot" after his step-mother, Alana Tabor, an employee of Olympia Early Learning Center, alerted him to openings at the Center's West Olympia location where he then applied. In making this hire, Defendants had a duty to protect its children by investigating Tabor's background, doing a reference check and conducting a complete interview designed to determine whether there were concerns about his character, behavior and conduct that could present a danger to the children. Defendants had an obligation to spend time doing a probationary training period assessing Tabor's suitability for childcare and establishing procedures to provide oversight to make sure neither Tabor nor

COMPLAINT 2 of 8



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

any of the male staff used by Defendants would sexually molest the children. Defendants had an obligation to respond to any concerns with Tabor's conduct on the job and otherwise. Defendants neglected to do so with Tabor.

7.      In the late summer of 2007, Plaintiff Alicia Mendoza enrolled her son M.M., age 2 months, in the Olympia Early Learning Center's facility.

8.      In July 2008, Plaintiff G.S.L. enrolled her developmentally disabled son J.J., age 3, in the Olympia Early Learning Center's facility.

9.      In October of 2008, a parent of several children attending The Olympia Early Learning Center's West Olympia facility, Lisa Steel, complained to Defendant Rose Horgdahl, that Elisha Tabor posed a danger to the young children at the facility.

10.     On February 10, 2009, Lisa Steel reported to the OELC that her daughter disclosed that she had been sexually abused at the facility.  A physical examination of the young girl revealed a scratch – consistent with a fingernail cut -- inside her vagina.  Ms. Steel specifically advised the school that as a result of her daughter's disclosure it was believed that Eli Tabor sexually abused her daughter.  Defendants then misdirected police and CPS investigators to another male employee named "Eli", a man named Eli Nelson, who became the subject of the investigation and passed a polygraph, resulting in the case being closed and deemed "unfounded". But Ms. Steel and her husband, Doug Thompson, consistently asserted during the investigation that the abuser was Elisha Tabor, so directly in fact that the Defendant Horgdahl and others complained about the "attacks" by Ms. Steel and Ms. Thompson on Elisha Tabor.

COMPLAINT 3 of 8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

11.     Defendants made no effort whatsoever to re-evaluate Tabor's suitability for childcare or to monitor the level of danger he posed. They also failed to warn parents, including Plaintiff Alicia Mendoza, about a potential danger posed by male staff members following the February 2009 investigation. The only action Defendants took was to move Tabor from the classroom for two-year-olds where he was molesting children to the classroom for the three- and four-year-olds where he began molesting children.  Without a warning of any sort, Plaintiff Alicia Mendoza continued taking their children to the facility for care by Tabor, among others.  Without protections provided for the children, Tabor began molesting others in the daycare.

12.     In August, 2009, Eli Tabor, on more than one occasion, transported J.J. from the OELC to his therapy appointments, then back to the center. J.J. was alone with Tabor and unsupervised. This unsupervised transportation was being provided by Tabor for J.J. with Defendant Rose Horgdahl's knowledge.  Approximately one month later, J.J. left the OELC and began Kindergarten.

13.  In July 2010, Defendants received a report that Eli Tabor was lying about kissing minor – S.A. on a sleeping mat in one of the Learning Center classrooms. Defendant Horgdahl wrote a discipline note for Eli Tabor about the conduct but neither she nor Defendant Olsen took further action.

14.     On October 7, 2010, Tabor was arrested in Olympia for Driving Under the Influence and later convicted on November 8, 2010.  Tabor admitted to a severe drinking problem during this time.

COMPLAINT 4 of 8



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

15.     On February 3, 2011, Eli Tabor admitted to dozens of acts of sexual abuse, including anal sodomy, oral sodomy, and other acts of sexual abuse.  He was arrested for the rape of a child who attended the Olympia Early Learning Center.  Tabor pled guilty to counts of Rape of a Child in the First Degree and Child Molestation in the First Degree on May 26, 2011, receiving nearly twenty years in prison as his sentence.

**A.      Negligence – Defendants' negligent care and supervision of and negligent hiring, training, supervision and retention of its employee.**

16.     Plaintiffs incorporate all paragraphs above and below.

17.     As directors of the Olympia Early Learning Center, Defendants Steve Olsen and Rose Horgdahl assumed responsibility to provide care and supervision for minor Plaintiffs, and were responsible for their care and supervision while they attended its care facility. Defendants specifically invited Plaintiff parents to rely on Defendants to care for and supervise minor Plaintiffs.  Plaintiffs' parents, justifiably relied on Defendants to exercise reasonable care in performing those duties.  Defendants owed a duty to exercise reasonable care in the investigation of, the hiring of, the probationary assessment of, the retention of, and the monitoring of its employee, Eli Tabor.

18.     Defendants breached their duty to provide for the reasonable care and protection of the minor Plaintiffs. Defendants knew and breached their duty to investigate the dangerous propensities of its employee, Eli Tabor.  Defendants failed to exercise reasonable care of hiring, assessment, retention and monitoring of Eli Tabor, and failed to implement procedures to assure that Eli Tabor would not be left unsupervised with children, including the minor Plaintiffs here.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

19.     Defendants breached their duty to provide reasonable care.  Defendants failed to implement procedures to assure that the minor Plaintiffs were safe from Eli Tabor.

20.     Defendants' negligence directly and proximately caused significant damages. Specifically, minor Plaintiffs were sexually abused by an adult male staff member of Defendants.

21.     The sexual abuse of the minor Plaintiff has caused damage to the relationship between the minor and its parents, Alicia Mendoza.  The minor Plaintiff has shown signs of premature sexualization.  Plaintiff's parent must now deal with the sexual abuse of the minor Plaintiff at the hands of Defendants' staff member.

22.     As a direct and proximate result of each of the negligent acts committed by a male staff member under the control and supervision of Defendants, the Plaintiffs sustained damages in an amount to be proven at trial.

**B.      RCW 4.24.010 Loss of Consortium**

23.     Plaintiffs incorporate all paragraphs above and below.

24.     Plaintiff Alicia Mendoza is the parent of minor, M.M. As a direct and proximate result of Defendants' tortuous conduct, Plaintiff Alicia Mendoza has suffered a loss of consortium with her child.  Plaintiff G.S.J. is the parent of minor, J.J. As a direct and proximate result of Defendants' tortuous conduct, Plaintiff G.S.J. has suffered a loss of consortium with her child. The trauma and stress caused by the abuse at Olympia Early Learning Center directed by Defendants Steve Olsen and Rose Horgdahl harmed their otherwise happy relationships with their children.

COMPLAINT 6 of 8



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

#### IV.   SPOLIATION OF EVIDENCE

25.    Plaintiffs believe and therefore allege that various employees of Defendants have destroyed key records concerning the knowledge the Defendants possessed about the danger Tabor posed to children. Plaintiffs seek a monetary recovery for the value of the destroyed evidence or, in the alternative, a presumption at trial that the evidence destroyed established Defendants' liability in the case.

#### V.    INJURIES AND DAMAGES

26.    Plaintiffs incorporate all paragraphs above.

27.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered medical costs in an amount to be determined at trial.  These special damages are continuing.

28.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages including severe emotional distress, depression, anxiety, humiliation, embarrassment, and other physical and psychological symptoms in an amount to be proven at trial.  These general damages are continuing.

#### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, jointly and severally, for the general and special damages as allowed by law, for attorneys' fees and litigation costs in maintaining this action, and for prejudgment interest and such other relief as the Court may deem just.

//

//

COMPLAINT 7 of 8



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

1    Dated this 11th day of April, 2012.

2

3                          PFAU COCHRAN VERTETIS AMALA, PLLC

4

5

6                          By _____

7                              Darrell L. Cochran, WSBA No. 22851
                               darrell@pcvalaw.com
8                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654