HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>OLYMPIA EARLY LEARNING CENTER, et al.,<br><br>           Defendants. | CASE NO. C12-5759 RBL<br><br>ORDER OF CLARIFICATION<br><br>[DKT. #88] |

THIS MATTER is before the Court on Plaintiff PIIC's Motion for Correction or Clarification of its Order [Dkt. #87] on Motions to Compel and for Protective Order. PIIC points out that the Court's prior Order on the *Cedell* discovery issues included language in two areas that could have been clearer: (1) the Order echoed the *Cedell* opinion's use of the term "first party claims" without noting that the liability coverage here gave rise, at least initially, to third party claims (by the underlying plaintiffs against PIIC's insured, OELC); and (2) the Order twice discussed a insurer's *attorneys'* quasi-fiduciary duties to the insured.

The latter issue is easy: the reference to the *attorneys'* duties was simply wrong. It is the insurer that has quasi-fiduciary duty to the insured. The Court will therefore make the requested changes to the Order.

As to the former issue, it is true that the homeowner's policy at issue in *Cedell* involved first party coverage, and that the liability policies at issue in this case provide third party coverage—the insurer (PIIC) undertakes to defend and indemnify its insured (OELC) from claims against him by third parties (the underlying plaintiffs). But it was clear before *Cedell,* and it is clear after, that an insurer owes duties to its insured (including the duty to defend) in such cases, and that the breach of those duties can give rise to claims of bad faith. *See Tank v. State Farm Fire & Cas. Co*., 105 Wn.2d 381 (1986); *see also* Thomas V. Harris, *Washington Insurance Law* §§7.1, 11.2 (2d. ed. 2006). Indeed, the insurer's bad faith in the third party context gives rise to a rebuttable presumption of harm to the insured, while bad faith in the first party context does not give rise to such a presumption. *Id., citing Safeco Ins. Co. v. Butler,* 118 Wn.2d 383 (1992), *and Coventry Assocs., L.P. v. American States Ins. Co*., 136 Wn.2d 269 (1998).

Under Washington law, a third party claimant cannot sue the insurer directly for breach of duty of good faith under a liability policy; only the insured can assert such claims. *Tank,* 105 Wn.2d at 391 ("We hold that third party claimants may not sue an insurance company directly for alleged breach of duty of good faith under a liability policy.") Often, as is the case here, the third party receives an assignment of rights from the insured as part of a settlement with the insured, and then prosecutes the bad faith claim against the insurer while standing in the shoes of the insured.

When it does so, it is asserting a first party claim against the insurer, even if the insurance policy at issue was third party liability coverage. The Court does not read *Cedell* (or even PIIC's Motion) to suggest that the in camera review process outlined in that opinion does not apply in such cases.

The Motion for Clarification is, to this extent, GRANTED.

IT IS SO ORDERED.

Dated this 2nd day of August, 2013.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE